Samuel **MARROQUIN–ORANTES**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–72256.
Agency No. A70–790–015.

United States Court of Appeals, Ninth Circuit.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Sept. 13, 2004.*

Decided Sept. 21, 2004.

Christopher J. Stender, Esq., Stender & Associates, Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Nancy E. Friedman, Esq., Office of Immigration Litigation Civil Division, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM **

Samuel Marroquin–Orantes, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review the denial of asylum and withholding of deportation for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We grant the petition for review.

The IJ's determination that the evidence was insufficient to establish eligibility for asylum through a well-founded fear of future persecution is not supported by substantial evidence. In addition to offering generalized information on country conditions in Guatemala, Marroquin–Orantes testified that he was in personal and particular danger due to his family's affiliation with the government. In the year before Marroquin–Orantes left Guatemala, two of his cousins who lived in houses on the same ranch as Marroquin–Orantes were murdered by guerillas because they were military employees. Immediately follow-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing the second cousin's death, Marroquin–Orantes's brother was stopped and extensively interrogated by the guerillas regarding his government position and activities. The guerillas threatened that if he continued to perform his employment duties, his entire family would be killed.

There is no question that Marroquin–Orantes is subjectively afraid for his life. He testified that if he returns to Guatemala, he fears he will be killed. Objectively, the specific threat the guerillas made to Marroquin–Orantes's brother targeting the entire family, combined with the deaths of his two cousins for their similar political affiliations, compel a finding that any similarly-situated person would have a well-founded fear of persecution on account of a political opinion. Marroquin–Orantes is eligible for asylum. *See Rodriguez v. INS*, 841 F.2d 865, 870–871 (9th Cir.1987) (threats and acts of violence toward family members connected to petitioner support conclusion that petitioner's life is endangered).

Furthermore, Marroquin–Orantes has demonstrated that it is more likely than not that he will be persecuted, meeting the requirement necessary for withholding of deportation as well. *See id.*

We decline to address Marroquin–Orantes' contentions regarding past persecution because the issue was not exhausted below. *See Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir.1999).

Marroquin–Orantes's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

We grant the petition for review and remand to the BIA. The BIA is directed to grant Marroquin–Orantes's petition for withholding of deportation, and to exercise its discretion with respect to his asylum application.

PETITION FOR REVIEW GRANTED; REMANDED.